# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EARL KELLY PRINCE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:05-cv-5849 |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| **MARILYN STEWART, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPORT AND RECOMMENDATION

Maria Valdez, Magistrate Judge,

This matter was referred to this Court for a Report and Recommendation on Plaintiff Earl Kelly Prince's Amended Rule 37(b) Motion for Sanction Against Defendants [Doc. No. 119]. For the reasons below, the Court recommends that the motion be denied.

## BACKGROUND

Earl Kelly Prince originally filed this lawsuit on October 11, 2005, but fact discovery did not begin until the fall of 2009. *See Prince v. Stewart*, 580 F.3d 571 (7th Cir. 2009) (detailing the procedural history of the case). The initial cut-off date for fact discovery was January 4, 2010 [Doc. No. 99].

On November 12, 2009, Prince propounded interrogatories and document requests on Defendants. Defendants at first labeled those discovery requests both untimely and beyond the scope of the issues in the case, and moved that they be stricken on December 16, 2009 [Doc. No. 101]. Before that motion was presented, Prince filed a motion to compel responses to his requests on December 28, 2009 [Doc. No. 104].

The court held a hearing on both motions on January 12, 2010. At that hearing, Defendants withdrew their motion to strike and Prince's motion to compel was granted in part [Doc. No. 109]. The court extended the fact discovery cut-off date to March 15, 2010, and ordered Defendants to answer Prince's outstanding discovery requests by January 26, 2010 [Doc. No. 109]. The court also stated that Defendants had waived any objections to Prince's discovery requests – a point Defendants conceded to this Court on April 1, 2010.

Defendants sent responses to Prince's discovery requests on January 21, 2010 via certified mail. The responses never reached Prince, however, because he never claimed the delivery. Instead, from what the Court can gather from the docket and the parties' representations, Prince filed a motion for Rule 37(b) sanctions on February 9, 2010 [Doc. No. 113]. Apparently, that motion triggered a telephone call between Prince and defense counsel on February 10, 2010, during which Defendants first learned that their certified mail had not been claimed (the responses had not yet been returned as undelivered to Defendants) and agreed to send Prince copies of the responses to his discovery requests.

Prince received those copies of Defendants' responses on February 12, 2010. He reviewed them, noticed the presence of numerous objections, and sent a letter to Defendants on February 22, 2010 requesting that they revise the responses in accordance with the instructions provided in his discovery requests. Approximately two weeks later, when he not received supplemental responses he requested, he amended his motion for Rule 37(b) sanctions on March 8, 2010 [Doc. No. 119]. The amended motion for sanctions is now before the Court, and fact discovery is closed.

2

## DISCUSSION

Courts have discretion to sanction parties when discovery orders are disobeyed, and Rule 37(b) provides a non-exhaustive list of examples of permissible sanctions. Fed. R. Civ. P. 37(b)(2)(A)(i) – (vii). The rule also allows courts to order a disobedient party, its attorney, or both, to pay the reasonable expenses caused by its failure to comply with a discovery order, unless the failure was substantially justified or an award of expenses is unwarranted. Fed. R. Civ. P. 37(b)(2)(C).

Prince believes that most of the sanctions permitted by Rule 37(b) are appropriate in this case. He believes that Defendants' initial delay in responding to his discovery requests and subsequent objections to those requests have prejudiced his ability to prosecute his case. The first sanction he has proposed is a default judgment against Defendants. Alternatively, he has asked that the Court (1) direct that the matters embraced in the January 12, 2010 order or other designated facts be taken as established for purposes of his case, (2) prohibit Defendants from supporting or opposing designated claims of defenses or from introducing designated matters in evidence, (3) enter an order of contempt against Defendants for failing to comply with the January 12, 2010 discovery order, (4) order Defendants to reimburse him for all the costs he has incurred in connection with his repeated court appearances seeking compliance with the January 12, 2010, and (5) order Defendants to respond to all of his outstanding discovery requests. The Court will address each proposed sanction.

Default judgment is within the "arsenal of sanctions" available to district courts to remedy violations of discovery orders, but is a "weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Sun v. Board of Trustees of the Univ. of Illinois*,

473 F.3d 799, 811 (7th Cir. 2007) (citation omitted). Because lawsuits are preferably resolved through trials on the merits, default judgment "should be used [as a discovery sanction] in extreme situations, or when other less drastic sanctions have proven unavailing. *Id.* (citations omitted).

This case does not represent a rare situation where the entry of default judgment is appropriate. To be sure, Prince is correct when he says the case is old. But the case's overall age is not relevant for purposes of this motion and, in any event, is not attributable to the willful disregard of the litigation on the part of Defendants. To the contrary, the docket indicates that Defendants have not only paid attention to the case, but have been quite active in their quest to secure its dismissal. (They have filed two motions to dismiss [Doc. No. 12, 30], and opposed Prince's appeal to reopen his lawsuit. *See Prince*, 580 F.3d at 572.)

Defendants' conduct during discovery (i.e. since the case was remanded) is all that is relevant for purposes of this motion. In that time period, Defendants have not willfully disregarded their discovery obligations. While they may have resisted responding to Prince's discovery requests initially [Doc. No. 101], they subsequently withdrew that motion and sent responses to Prince's discovery requests on January 21, 2010. They then sent copies of those responses to Prince after learning (through a motion for sanctions) that he had not received the originals. Defendants have participated in discovery and have not shown a repeated and willful disregard of the litigation or the discovery process. Entry of a default judgment is unwarranted, so the Court recommends that Prince's request for a default judgment be denied.

The record also does not justify entering any of the four alternative sanctions Prince has proposed against Defendants. The Court will address each of the proposed alternative sanctions, but since the first two are mirror image requests, they will be addressed jointly.

The first alternative sanction Prince has proposed is that the Court direct that certain "designated facts" be taken as established for the purposes of this lawsuit. (Defendants have conceded that they waived any objections to Prince's discovery requests, rendering Prince's request that the matters embraced in the January 12, 2010 order be taken as established moot.) Meanwhile, Prince also has proposed that the Court enter an order prohibiting Defendants from presenting certain defenses and from introducing certain evidence. These proposals are underdeveloped and unsupported.

They are underdeveloped because Prince has not stated which facts he would like deemed established or which evidence or defenses he would like excluded. And they are unsupported because, as Prince concedes, Defendants provided him with discovery responses more than a month before the end of the fact discovery period. Prince has given no reason why the Court should exclude from evidence information that was produced more than month before the closed of discovery, or deem certain facts (presumably favorable to his claim) as established. He had more than a month to analyze the responses that Defendants provided him, ask follow-up questions about that information, and schedule depositions of persons those responses may have identified. Instead, he waited until March 8, 2010 – one week before the end of fact discovery – to involve the court in the discovery dispute. Prince says the sanctions he has proposed are necessary because Defendants' actions during discovery have prejudiced his ability to prosecute his case, but his choice not to work with the information Defendants did provide him undercuts

that argument. The Court recommends that Prince's first two alternative requests for sanctions be denied.

Prince's third proposal – a request that Defendants be held in contempt for failing to obey with the January 12, 2010 order – can also be denied. To begin with, Defendants complied with the January 12, 2010 discovery order when they sent their discovery responses to Prince on January 21, 2010 via certified mail. There is no reason to believe that they chose certified mail as a delivery device in order to delay Prince's receipt of those responses. And despite the presence of objections (which Defendants concede were waived) in their discovery responses, there is nothing in the record that suggests Defendants withheld information that is responsive to Prince's discovery requests based on those objections. To the contrary, on April 1, 2010, Defendants' counsel represented to this Court that his clients have produced to Prince all the information they have that is responsive to his discovery requests. Because Prince has not provided the Court with any evidence that undercuts or casts doubt on that representation, the Court will take Defendants at their counsel's word. The Court recommends that Prince's third proposed alternative sanction be denied.

Prince's fourth and final request is that the Court order Defendants to reimburse him for the costs he has incurred in seeking responses to his discovery requests and respond to any outstanding discovery requests. As stated above, the latter half of this request can be denied because there is nothing to suggest in the record to suggest that Defendants have withheld any relevant, discoverable information in this case. Therefore, it appears Prince's numerous court appearances seeking information that Defendants cannot or have already provided could have

been avoided through meaningful discussion and negotiation instead of court intervention. The Court recommends that Prince's request for reimbursement be denied.

## CONCLUSION

For these reasons, the Court recommends that Plaintiff Earl Kelly Prince's Amended Motion for Rule 37(b) Sanctions Against Defendants [Doc. No. 119] be denied. Counsel has fourteen days from the date of service of this Court's Report and Recommendation to file objections with the District Court. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327 (7th Cir. 1995).

**SO ORDERED.**

DATE: May 20, 2010

ENTERED:

*Maria Valdez*

**HON. MARIA VALDEZ**
**United States Magistrate Judge**