IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Earl Kelly Prince, | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 5849 |
| Marily Stewart, Chicago Teachers Union, Theodore Dallas, Mary McGuire, and Mark Ochoa, | ) Judge Ronald A. Guzmán |
| Defendants. | ) |

## ORDER

Plaintiff's motion for sanctions was referred to the Magistrate Judge on February 11, 2010. On May 20, 2010 Magistrate Judge Valdez issued a report recommending that the motion be denied. On June 9, 2010 the plaintiff filed his objections to the Magistrate Judge's report and recommendations. For the reasons given below, the plaintiff's objections are overruled and the report and recommendation is adopted in full.

Plaintiff objects to the Magistrate Judge's recommendation that his request for default judgment be denied. He argues that defendant's conduct was willful and flagrant and in bad faith and, therefore, default judgment should be entered. The court, however, agrees with the Magistrate Judge's finding that defendants only initially resisted plaintiffs' request for discovery and timely withdrew their motion to strike plaintiff's motion to compel. A withdrawn objection to

discovery is not a basis for a default judgment; nor do any other actions by the defense. The case simply does not represent the extreme and rare situation where a party ought to be dispossessed of its right to have a determination on the merits because of its actions in the conduct of discovery.

Plaintiff also objects to the Magistrate Judge's determination that his request that certain "designated facts" be taken as established for purposes of this lawsuit should be denied. This court agrees with the Magistrate Judge that plaintiff has failed to state with any specificity what facts he wishes the court to declare as established or what evidence or defenses he would like excluded. In addition, plaintiff concedes defendants provided him with discovery responses more than one month before the end of fact discovery. Thus, plaintiff had plenty of time within which to react to any apparent inadequacy in the discovery response and/or follow-up on any new information which might prove helpful to his case. He gives no reason why this amount of time is insufficient. He does not describe what actions he took to follow-up on any new discovery information or any insufficiency in the discovery response other than waiting until one week before the end of fact discovery to file his motion for sanctions.

Prince also proposes that Defendants be held in contempt for failing to obey the January 12, 2010 order. But defendants complied with the January 12, 2010 discovery order by sending responses to the plaintiff on January 21, 2010 by certified mail and there is nothing in the record suggesting that defendants have withheld any information that is responsive to plaintiff's discovery request based on any objections. On April 1, 2010 defense counsel represented to the court that his clients have produced all the information they have been is responsive to the

discovery requests. The Court will take Defendants at their counsel's word.

Plaintiff also argues that the court should reject the Magistrate Judges recommendation that plaintiff's request for fees and expenses in connection with his various discovery motions be denied. The court finds the Magistrate Judge's findings and conclusions in this regard reasonable and adopts them in full.

The plaintiff's objections are overruled and the Magistrate Judge's report and recommendation is adopted in total.

Dated: July 8, 2010

**SO ORDERED**          **ENTER:**

_____
RONALD A. GUZMÁN
District Judge