IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARL KELLY PRINCE, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Judge Ronald A. Guzmán |
| MARILYN STEWART, CHICAGO TEACHERS UNION, THEODORE DALLAS, MARY MCGUIRE, and MARK OCHOA, | ) ) ) ) ) ) | 05 C 5849 |
| Defendants | ) | |

## MEMORANDUM OPINION AND ORDER

Prince moves to the Court's recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455(a). For the following reasons, the Court denies the motion.

### Facts

Earl Kelly Prince filed suit against the Chicago Teachers Union in November 2005 for employment discrimination. *Prince v. Stewart*, 580 F.3d 571, 572 (7th Cir. 2009). Prince had not obtained a right-to-sue letter from the EEOC and the Court dismissed the suit without prejudice in December 2006. *Id.* The right-to-sue letter was received in July 2007, and Prince was granted a motion to reopen his case. *Id.* at 573. Shortly after this motion was granted, Prince asked to withdraw the motion because he would be out of state. *Id.* This Court vacated the order to reopen. *Id.* On October 23, 2007, Prince filed a second motion to reopen the case that was denied with instructions that he would have to bring a new lawsuit if he wanted to pursue his claims. *Id.* Prince filed a motion for clarification that was also denied, and at this point this Court told Prince that litigation is not a "yo-yo game." *Id.*

Prince requests this Court's recusal due to bias and prejudice against him based on prior rulings and comments. (Mot. Recusal 2.) Prince's claims stem from the denial of the motion to reopen the employment discrimination case that he originally filed in November 2005 and the denial of the subsequent motion for clarification. (*Id.* 5, 8.) Prince claims that these rulings show an abuse of discretion and that the "appearance of impropriety and personal bias are overwhelming." (*Id.* 8.)

## Discussion

Prince filed a motion for recusal under 28 U.S.C. § 144 and § 455(a). Each will be addressed in turn.

Section 144 provides in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 requires that the affidavit filed states facts that show the judge has a personal bias or prejudice against a party or in favor of the opposing party. § 144. The affidavit must be timely filed, state the facts and reasons for the belief that a bias or prejudice exists, and be accompanied by certificate of counsel that the affidavit is filed in good faith. *Id.* When a party is proceeding pro se, he can file the affidavit of good faith himself because if counsel were required for this

2

one aspect of a case it would deny "pro se parties the benefit of the statute" and unduly burden the "constitutional right . . . to proceed pro se." *United States v. Boyd*, 208 F.3d 638, 645 (7th Cir. 2000), *remanded on an unrelated issue*, *Boyd v. United States*, 531 U.S. 1135 (2001). Once a party has submitted a timely affidavit, the judge must assume that the facts stated in the affidavit are true. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985). Because this requirement that a judge accept the facts stated in the affidavit as true could be easily abused, "[c]ourts have recognized that the statute is to be strictly construed, and that a judge is presumed to be impartial, so that a party seeking recusal bears a heavy burden." *Id.* (citations omitted). Thus, a court "must treat the factual averments as true, but not [the movant's] conclusions as to their significance." *Id.* at 1200.

Under § 144, the party seeking recusal must allege facts sufficient to show bias or prejudice stemming from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554-55 (1994). An extrajudicial source is a bias or prejudice that has come from the judge's experience outside of the courtroom, not from proceedings in court. *Id.* at 544-46. This extrajudicial source factor means that judicial rulings and opinions formed in the course of proceedings almost never constitute a valid basis for recusal. *Id.* at 554-55. For such a ruling or opinion to be sufficient to require recusal, it must "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Judicial expressions of "impatience, dissatisfaction, annoyance, and even anger" in the course of a trial and routine trial administration efforts will not be legally sufficient grounds for recusal unless they reveal a high degree of favoritism or antagonism. *Id.* at 556. "The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a

3

fair-minded person could not entirely set aside when judging certain persons or causes." *Balistrieri*, 779 F.2d at 1201.

Prince's affidavit was timely filed, alleges facts to support the belief of bias and is accompanied by an affidavit of good faith. However, the facts alleged in the affidavit do not warrant recusal. The facts upon which Prince relies to establish bias stem from the judicial decisions and comments made during prior proceedings. Prince's affidavit has not alleged any facts that stem from a personal animus or display a deep-seated antagonism toward him. Prince states that the Court's denying his motions shows an abuse of discretion and the appearance of impropriety. These statements are not themselves facts but are conclusions that Prince has formed based on his view of the facts, and such conclusions are not presumed to be true. In sum, the facts alleged are not legally sufficient to require recusal under § 144.

Next, § 455 provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This is an "objective inquiry" that looks to whether a reasonable person perceives a significant risk that the judge "will resolve the case on a basis other than the merits." *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990). This objective standard looks to a "well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person" to determine if the facts alleged are sufficient to create an appearance of bias. *Id.* at 386. In addition, § 455(a), like § 144, considers an extrajudicial source factor in determining whether the facts alleged create a perception of bias. *Liteky*, 510 U.S. at 554-55. The difference between § 144 and § 455(a) is that the latter requires the affiant to state facts that show a reasonable

4

observer would perceive a risk of bias, where § 144 requires facts that show actual bias or prejudice. *Id.*

In *Hook v. McDade*, 89 F.3d 350, 355-56 (7th Cir. 1996), where the movant's affidavit averred that the judge's rulings and comments in reaction to the disqualification motion showed that the judge was prejudiced against him, the court held that the judicial rulings and comments expressing strong criticism were insufficient to show prejudice flowing from an extrajudicial source or that a reasonable observer would perceive a risk of bias and as such, recusal was not warranted. . As in *Hook*, the judicial rulings and comments made in this case do not establish that any prejudice gained from outside of the courtroom would lead a reasonable observer to conclude that there is a risk that this judge is incapable of ruling fairly in this case. In this case, a reasonable observer would not find the two rulings denying Prince's motions and the Court's accompanying comments to be sufficient to raise a risk of impartiality. Thus, similar to *Hook*, the facts alleged here are insufficient to require recusal under § 455(a).

## CONCLUSION

For the foregoing reasons, the Court denies Prince's motion for recusal [doc. no. 189].

**SO ORDERED**

February 23, 2011

**ENTERED:**

*(signature: Ronald A. Guzman)*

_____
**HON. RONALD A. GUZMAN**
**U.S. District Judge**