## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EARL KELLY PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 05 C 5849 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| MARILYN STEWART, CHICAGO | ) | |
| TEACHERS UNION, THEODORE | ) | |
| DALLAS, MARY MCGURIE AND | ) | |
| MARK OCHOA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Earl Kelly Prince filed this action against the Chicago Teachers Union ("CTU") and some of its officers including Marilyn Stewart, Theodore Dallas, Mary McGuire and Mark Ochoa after plaintiff was terminated from the CTU in the summer of 2004. The complaint alleges that defendants: (1) discriminated against plaintiff on the basis of his sex, race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; (2) conspired to violate his First and Fourteenth Amendment rights and his rights under §§ 1981 and 1983, Title VII and the ADEA in violation of 42 U.S.C. § 1985(3); (3) breached his employment contract; (4) violated the implied covenant of good faith and fair dealing; and (5) intentionally inflicted emotional distress on plaintiff. Defendants have filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 56 for summary judgment. For the reason set forth below, the Court grants in part and denies in part the motion.

**Discussion**

Summary judgment motions are governed by Rule 56 and Local Rule 56.1, both of which this Court strictly enforces. Both Rules require the movant to submit, among other things, a statement of undisputed material facts that contains specific citations to the evidence that supports each asserted fact. *See* Fed. R. Civ. P. 56(c)(1); N.D. Ill. Local R. 56.1(a)(3). The Court need not consider anything other than "the cited materials," and a movant's failure to provide evidentiary cites "constitutes grounds for denial of the motion." Fed. R. Civ. P. 56(c)(3); N.D. Ill. Local R. 56.1(a)(3).

Defendants' LR 56.1 statement contains thirty paragraphs, twenty-five of which either cite no evidence or cite evidence that does not support the facts asserted. (*See* Defs.' LR 56.1(a)(3) Stmt. ¶¶ 1-10, 13-14, 18-30.) Because defendants have offered no evidentiary basis for the "facts" asserted in these paragraphs, they are inadmissible speculation. *See Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002) (noting that in deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial); *Stagman v. Ryan*, 176 F.3d 986, 996 (7th Cir. 1999) (describing a summary judgment affiant's speculation as "a meaningless assertion").

Not surprisingly, the five fact statements that have evidentiary support do not establish that there are no material fact disputes in this case. (*See* Defs.' LR 56.1(a)(3) Stmt. ¶¶ 15-17.) Moreover, contrary to defendants' belief, plaintiff's alleged failure to answer discovery does not doom his case:

> [W]here the movant demonstrates that the nonmovant will be unable to produce any evidence at trial supporting an essential element of a claim for which the nonmovant bears the burden of proof, summary judgment is appropriate even though the movant cannot adduce any affirmative evidence disproving the essential claim. But . . . an unsupported-or "naked"-motion for summary judgment does not require the nonmovant to come forward with evidence to

support each and every element of its claims. Only after the movant has
articulated with references to the record and to the law specific reasons why it
believes there is no genuine issue of material fact must the nonmovant present
evidence sufficient to demonstrate an issue for trial.

*Logan v. Comm. Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996) (citations omitted).

Nonetheless, defendants are entitled to judgment as a matter of law on some of plaintiff's claims because there is no possible set facts under which they would be actionable, including:

(1) any Title VII or ADEA claim asserted against any defendant in his or her individual capacity, *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995);

(2) any § 1981 claim for sex discrimination, *Friedel v. City of Madison*, 832 F.2d 965, 967 (7th Cir. 1987);

(3) any § 1985(3) claim for conspiracy to violate plaintiff's rights under the First or Fourteenth Amendments, §§ 1981, 1983 or Title VII because: (1) a conspiracy requires two or more people; (2) the intra-corporate conspiracy doctrine deems CTU and its members to be a single person and there are no facts to suggest that the doctrine does not apply here; and (3) a conspiracy to violate rights provided by the First and Fourteenth Amendments is actionable only if it involves the state, *see* 42 U.S.C. § 1985(3); *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993), *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 830 (1983); *Wright v. Illinois Department of Children & Family Services*, 40 F.3d 1492, 1508 (7th Cir. 1994); *Hartman v. Board of Trustees of Community College District No. 508*, 4 F.3d 465, 470 (7th Cir. 1993), *Travis v. Community Mental Health Center, Inc.*, 921 F.2d 108, 110 (7th Cir. 1990); and

(4) any independent claim for a violation of the implied covenant of good faith and fair dealing, *see Echo, Inc. v. Whitson Co.*, 121 F.3d 1099, 1106 (7th Cir. 1997).

Thus, the Court grants defendants' motion for summary judgment as to these claims.

## **Conclusion**

For the reasons stated above, the Court grants in part and denies in part defendants' motion for summary judgment [doc. no. 158] and, because the Court has disregarded all of their unsupported factual assertions, strikes as moot plaintiff's motions to strike [docs. no. 204 & 205]. The only claims that remain in this suit are: (1) the Title VII sex and race discrimination claims against CTU; (2) the ADEA claim against CTU; (3) the breach of contract claim against CTU; (4) the § 1981 race discrimination claim against all defendants; and (4) the intentional infliction of emotional distress claim against all defendants. At the next status hearing, the Court will set the dates for filing the Final Pretrial Order and trial.

**SO ORDERED.**                          **ENTERED: March 30, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**