Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5849 | **DATE** | 10/2/2012 |
| **CASE TITLE** | *Prince v. Stewart, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the parties' motions filed in anticipation of trial [253, 254, 256] are denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Before the Court are the parties' motions regarding the trial currently set to begin on October 9, 2012. For the reasons stated below, the motions [253, 254, 256] are denied.

     Defendants' motion is characterized as a motion in limine and asks the Court to prohibit the plaintiff from introducing any evidence or making any argument in support of his claim that the Chicago Teachers Union breached a contract with him. This is not a motion in limine to exclude evidence, it is a motion asking that the Court enter summary judgment for the defendants on the breach of contract claim. The Court, however, has already denied the defendants' motion for summary judgment as to this claim. (Dkt. # 210.) The defendants' motion "in limine" is denied.

     The plaintiff has filed a motion for sanctions, which is denied because it is based on general and conclusory statements by the plaintiff that the defendants have filed or entered documents "in bad faith." He asserts that the defendants submitted an unidentified document "with no foundation, completely unauthenticated and with no exhibits." (Pl.'s Mot. Sanctions, Dkt. # 254, at 1.) He goes on to argue that the "pattern of misconduct has continued unabated" and that "virtually every document filed by the defense to the present has been filed in bad faith." (*Id.* at 2.) Given the complete lack of evidentiary support for the motion, it is denied.

     The plaintiff has also filed a motion to strike the document entitled "Final Pretrial Order." He contends that the motion should be stricken to the extent that it contains many of the same documents used in the defendants' "failed attempt" at summary judgment. But, when the Court disregarded the defendants' evidence on summary judgment, it did so based on their failure to comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1 regarding filings in support of summary judgment. The Court's determination does not apply to exhibits to be used at trial. Assuming they are admissible, the exhibits may

| STATEMENT |
|---|
| be offered as evidence at trial. The plaintiff goes on to argue that statements and information he submitted to the defendants to be incorporated into the final pretrial order were omitted by the defendants, and thus the version of the pretrial order submitted by the defendants should be stricken. The plaintiff also contends that he requested 12 jurors but that his request is not reflected in the version of the pretrial order submitted by the defendants. Finally, the plaintiff asserts that he never submitted a statement that the parties had completed discovery, as is represented in the defendants' version of the pretrial order. Because the Court cannot resolve these issues on the record as it currently stands, the motion to strike the document entitled "Final Pretrial Order" is denied without prejudice to renewal at the pretrial conference scheduled for October 3, 2012, at 2:00 p.m. |
| |