# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5849 | **DATE** | 3/19/2013 |
| **CASE TITLE** | Prince v. Stewart et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Prince's motion for a new trial [279-1] is denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

On October 16, 2012, a jury entered a verdict against the plaintiff, Earl Kelly Prince, and in favor of the defendants, the Chicago Teachers Union and various of its former officials as to all counts. Prince now moves for a new trial under Federal Rule of Civil Procedure 59. For the reasons stated below, the motion is denied.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Prince first contends that he is entitled to a new trial because the defendants failed to turn over evidence they used at trial or evidence was otherwise wrongly admitted or excluded. As the Seventh Circuit has noted:

> [u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights. Evidentiary errors satisfy this standard only if there is a significant chance that they affected the outcome of the trial.

*Griffin v. Bell*, 694 F.3d 817, 827 (7th Cir. 2012) (citations and internal quotation marks omitted).

As an initial matter, Prince does not show that any of the purported evidentiary errors he asserts affected the outcome of the trial. Moreover, Prince fails to cite to the trial transcript or provide relevant portions of the transcript or exhibits to which he refers. Without the relevant portions of the transcript, the Court cannot determine whether Prince timely objected to the admission of the documents or if the purported

**STATEMENT**

bases for their admission or exclusion are accurate. The Court will address the evidentiary issues to the best of its ability given the information and evidence provided to it.

Prince first argues that the defendants failed to turn over during discovery the Collective Bargaining Agreement between the Chicago Teachers Union and Professional Staff Employees, July 1, 2004 to June 20, 2007 ("CBA"). Prince fails to attach the relevant document request, but the Court notes that on January 12, 2010, this Court ordered the defendants to respond to all of Prince's outstanding discovery requests (Dkt. # 109). In addition, the magistrate judge recommended denying Prince's motion for Rule 37(b) sanctions, noting that the defendants had responded to discovery and that they had represented to the Court that they had produced all documents in their possession that were responsive to Prince's discovery requests. (Dkt. # 134, at 6.) Indeed, in their response to Prince's motion for a new trial, the defendants call Prince's allegation that they had failed to turn over the CBA "absurd" and state that "[c]opies of all documents were given to Plaintiff prior to trial." (Defs.' Resp., Dkt. # 283, at 2.) In the absence of any evidence to the contrary, the Court denies this aspect of Prince's motion.

Prince also asserts that Defendants' Exhibit 6, the Employment Contract between Earl Kelly Prince and Chicago Teachers Union as Assistant to the President July 1, 2004 to June 30, 2005, should have been excluded from evidence under Federal Rule of Evidence 403 and as hearsay. Similarly, Prince claims that Defendants' Exhibit 7, the Agreement dated June 3, 2004, between Earl Kelly Prince and Chicago Teachers Union, should not have been allowed into evidence as it was hearsay, unauthenticated, misleading and confusing to the jury. Prince fails to indicate whether he objected at trial to the admission of the documents and, assuming he did, does not attach copies of the documents or the relevant portions of the transcript in which the admission of the documents was discussed. Thus, the Court has no basis to address the propriety of the admission of these documents. Nor has Prince demonstrated that admission of the documents affected his substantial rights. Accordingly, this basis for relief is denied.

Prince also contends that Defendants' Exhibit 9, which was a group exhibit of letters sent by Marilyn Stewart, then CTU President, to CTU employees informing them that their employment had been terminated and Defendants' Exhibit 10, which was a list of the employees terminated effective July 1, 2004, should not have been allowed into evidence because the defendants did not disclose the letter or lists prior to trial. While Prince again fails to provide any record citation in support of his argument, the defendants assert that they turned over all documents to Prince prior to the trial of this matter. Indeed, they state that with respect to Exhibit 10, the Court told Prince that he had to demonstrate that he requested the document in discovery and did not receive it, and Prince failed to make such a showing. This ground for relief is denied.

Prince further argues that Defendants' Exhibits 11, 12, 13, 14, and 16 should not have been allowed into evidence. Prince fails to identify the exhibits or provide any comprehensible legal argument for their exclusion. Thus, the Court denies this aspect of Prince's motion. In addition, Prince's assertion that "many of the documents" he proposed as evidence should have been admitted is rejected. The Court cannot properly consider such an argument without knowing to which documents Prince refers.

Prince next asserts that the jury instruction regarding age discrimination was confusing because the jury may have construed the instruction in such a way that if it found race or gender discrimination, it could not also have found age discrimination. The Court disagrees. Separate instructions were given for each discrimination claim and each discrimination instruction did not refer to the other bases of discrimination or imply that by finding one type of discrimination, others should be excluded from consideration. (Dkt. # 274, at 17-24.) Moreover, to the extent that Prince did not properly preserve the objection at trial, he may not raise it now absent a showing that the error was plain and affected his substantial rights. *Griffin v. Foley*, 542

**STATEMENT**

F.3d 209, 221-22 (7th Cir. 2008). Prince does not make such an argument nor does the Court find that Prince's position warrants such a finding. This ground for relief is denied.

Prince argues that the verdict form was confusing because it referred to a breach of the CBA instead of a breach of his employment contract. To the extent that Prince is arguing that his breach of contract count was based on his employment agreement instead of the CBA, the Court notes that earlier in his motion for a new trial, Prince argues that the Court erred by admitting his employment agreement into evidence. It is difficult to understand how his breach of contract claim could have been premised on a document that he argues should not have been admitted into evidence. In any event, assuming that Prince preserved an objection at trial with respect to the verdict form, the form simply mirrors the jury instruction given with respect to the breach of contract count. That instruction stated that "Plaintiff also claims that by dismissing him from his employment, Defendant Chicago Teachers Union breached the contract it had with the Professional Staff Employees (PSE) Union for the period July 1, 2004 to June 30, 2007." (Dkt. # 274, at 25.) Thus, the Court rejects the assertion that the verdict form was confusing.

Prince raises several new arguments in his reply, including that the defendants used defenses that were waived, Defendants' Exhibit 9 confused the jury, and he should have been appointed legal counsel. These arguments are waived. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012).

Finally, to the extent that Prince makes a general argument that the jury came to the wrong conclusion, the Court rejects this argument. The verdict was not against the manifest weight of the evidence. *Mejia v. Cook Cnty.*, 650 F.3d 631, 633 (7th Cir. 2011) (in passing on motion for a new trial, "the district court has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial").

For these reasons, Prince's motion for a new trial [279-1] is denied.